UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE TIMBERLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 04 C 7050 |
| ) | |
| OFFICER J. GONZALEZ, Star #19765; OFFICER B. ) | |
| FIDLER, Star #13518; OFFICER P. ZYGOWICZ, ) | |
| Star #12477; OTHER UNKNOWN POLICE OFFICERS; ) | |
| and THE CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Chicago Police Officers John Gonzalez, Brent Fidler, Peter Zygowicz (collectively referred to as the "Officers") and the City of Chicago (the "City") (collectively referred to as the "Defendants"), to dismiss the Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

This action arises out of the execution of a search warrant by the Officers on May 17, 2002. The search warrant permitted the Officers to search the second-floor

apartment of Darryl Jordan, who resided in the same apartment building and on the same floor as the Plaintiff, Elaine Timberlake ("Timberlake"). Timberlake alleges that the Officers, without having probable cause, an arrest warrant, or a search warrant, forcibly entered her apartment. She claims that, although she informed the Officers they were in the wrong apartment, they falsely arrested her for possession of cannabis. Timberlake further alleges that the Officers filed false reports and that the Assistant State's Attorney used the false reports and charged her with unlawful possession of cannabis on May 17, 2002. Timberlake was found not guilty on June 3, 2003, after a hearing on a motion to quash arrest and suppress evidence and a bench trial.

On November 2, 2004, Timberlake filed a two-part complaint against the Defendants pursuant to 42 U.S.C. § 1983. In Count One, Timberlake claims that the Officers violated both her Fourth Amendment right to be free from false arrest and unlawful search, and her Fourteenth Amendment due process rights. In Count Two, she alleges that she is entitled to statutory indemnification against the City.

The Defendants argue that Timberlake's complaint should be dismissed for three reasons: 1) Timberlake's claims for false arrest and unlawful search are time-barred by the two-year statute of limitations; 2) Timberlake has not asserted a Fourteenth Amendment due process claim; and 3) the pendent state claims are also time-barred.

## LEGAL STANDARD

Under a Rule 12(b)(6) motion to dismiss, a court may dismiss a case "for failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court evaluates the legal sufficiency of a plaintiff's complaint, not the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Further, the court must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support her claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences shall be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff must only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. Midwest Gas Servs. v. Ind. Gas. Co., 317 F.3d 703, 710 (7th Cir. 2002).

## DISCUSSION

### A. Count One: § 1983 Claims

*1. Fourth Amendment False Arrest and Unlawful Search*

Whether Timberlake's Fourth Amendment allegations are time-barred depends upon the date they accrued. The Defendants argue that Timberlake's false arrest and unlawful search accrued on May 17, 2002, the day the Officers arrested Timberlake.

The Defendants assert that the action is thus barred by the statute of limitations because Timberlake filed her complaint on November 2, 2004. Timberlake counters that her action accrued on June 3, 2003, the day she was found not guilty after a bench trial.

A federal court adopts the forum state's statute of limitations for a § 1983 claim. Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938 (1985); Williams v. DBA Urban Computer, 2003 U.S. Dist. LEXIS 1996 at *5 (N.D. Ill. Feb. 7, 2003). In Illinois, the statute of limitations for § 1983 civil rights violations is two years. Booker v. Ward, 94 F.3d 1052, 1056-57 (7th Cir. 1996); Lucien v. Jockisch, 133 F.3d 464, 466 (7th Cir. 1998). Federal law determines when the action accrues. Sellers v. Perry, 80 F.3d 243, 245 (7th Cir. 1996). The Seventh Circuit holds that the action usually accrues at the time of the civil rights violation, when the "plaintiff knows or has reason to know of the injury that is the basis for the action." Id.; Wilson v. Gieson, 956 F.2d 738, 740 (7th Cir. 1992); Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998).

The general rule is that the statute of limitations for a § 1983 claim accrues on the date of the false arrest and unlawful search. Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004); Booker, 94 F.3d at 1056. However, there is an exception to this rule. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under the Heck doctrine, a plaintiff is temporarily barred from bringing a § 1983 suit when the "basis for the suit is inconsistent with or would undermine the constitutionality of a

conviction or sentence." Wiley, 361 F.3d at 996; Gauger v. Hendle, 349 F.3d 354, 360-62 (7th Cir. 2003). In these situations, the claim accrues on the day the plaintiff's criminal charges are dismissed or set aside. Wiley, 361 F.3d at 997.

In reviewing the Defendants' motion to dismiss, this court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences" in Timberlake's favor. McCullah v. Gadert, 344 F.3d 655, 657 (7th Cir. 2003). In this case, Heck dictates that Timberlake's Fourth Amendment action for false arrest and unlawful search accrued on the date she was found not guilty, June 3, 2003. Timberlake's civil claim would be inconsistent with and imply the invalidity of any criminal convictions. Her attack on the validity of the search and the arrest for allegedly possessing cannabis would essentially challenge the constitutionality of her criminal proceedings and possible conviction. See Snodderly v. R.U.F.F. Drug Enforcement Task Force, 238 F.3d 892, 898 n.8 (7th Cir. 2001). Timberlake filed her Fourth Amendment claim for false arrest and unlawful search on November 2, 2004; a date within the two year statute of limitations period. Accordingly, the Defendants' motion to dismiss Timberlake's Fourth Amendment claim for an unlawful search and false arrest is denied.

*2. Fourteenth Amendment Due Process Claim*

Timberlake also alleges the Officers violated her due process rights under the Fourteenth Amendment. Although Timberlake does not specify which of the Officers'

actions violated her rights, a meticulous reading of her complaint indicates the basis for this claim may arise from the Officers' allegedly writing false reports about the arrest and rendering "those false reports to superiors and the Assistant State's Attorney." The Defendants argue that Timberlake's complaint alleges only a Fourth Amendment violation for false arrest and unlawful search and the substance of the complaint does not allege a viable Newsome Fourteenth Amendment violation. We agree with the Defendants.

Timberlake's claim of a due process violation resembles a claim for malicious prosecution. However, the Seventh Circuit holds that "claims of malicious prosecution should be analyzed not under the substantive due process approach . . . but under the language of the Constitution itself." Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001); See Carroccia v. Anderson, 249 F. Supp. 1016, 1023 (N.D. Ill. March 11, 2003) (noting the plaintiff cannot recover for the investigative misconduct alleged by asserting substantive due process violations). Under Newsome, there may still be a § 1983 remedy for "trial-based government misconduct based on violations of [procedural] due process; not claims of malicious prosecution." Mocny v. Rake, 2004 U.S. Dist. LEXIS 14614 (N.D. Ill. July 29, 2004) (discussing Newsome, 256 F.3d at 751); See Carroccia, 249 F. Supp. at 1023. For a viable Newsome due process claim, the plaintiff "must allege that the officers withheld information or evidence necessary

for the fair and impartial trial guaranteed by the U.S. Constitution." Ienco v. City of Chicago, 286 F.3d 994, 998-1000 (7th Cir. 2002). The defendants are liable when they omit material exculpatory evidence from the prosecution or the plaintiff. Brady v. Maryland, 373 U.S. 83, 87 (1963); See Gauger, 349 F.3d at 359-61.

Here, Timberlake was a witness to the events of her allegedly false arrest and observed the surrounding circumstances. Timberlake does not allege that the Officers withheld any material exculpatory evidence concerning her false arrest. Writing the false police reports is not the same as withholding a material exculpatory evidence that would violate Timberlake's right to a fair trial because she knew the same facts supporting the allegedly false report. Accordingly, the Defendants' motion to dismiss the allegations of a Fourteenth Amendment due process violation is granted.

*3. Related State Claims*

The Defendants also argue that any pendent state claims relating to Timberlake's § 1983 claims, such as false arrest, false imprisonment, or malicious prosecution are time-barred under Illinois state law. The statute of limitations for Illinois state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101. The relevant portion of the statute states:

> No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action

accrued ... [f]or purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8-101.

It is uncontested that the Officers where acting within the scope of their duties and under color of state law when they arrested Timberlake. See Hedges v. County of Cook, No. 96 C 6228, 1997 WL 269632 at *4 (N.D. Ill. May 13, 1997). The timing for a plaintiff's action accrues on the date of the alleged misconduct. Pierce v. Pawelski, 2000 U.S. Dist. LEXIS 18229 at *5-9 (N.D. Ill. Dec. 11, 2000).

Here, Timberlake's claim for false arrest and false imprisonment accrued on May 17, 2002, the date of her arrest. Timberlake's claim for malicious prosecution accrued on June 3, 2003, the date the prosecution ended. However, Timberlake did not file her complaint until Nov. 2, 2004; seventeen months after the expiration of her false arrest and false imprisonment claims and five months after the expiration of her claim for malicious prosecution. Accordingly, the Defendants' motion to dismiss Timberlake's pendent state claims is granted.

## B. Count Two: Statutory Indemnification

The Defendants argue that Timberlake's statutory indemnification claim should be dismissed because her § 1983 claims against the Officers are time-barred. Under Illinois statutory law, "[a] local public entity is not liable for an injury resulting from

an act or omission of its employee where the employee is not liable." § 745 ILCS 10/2-109 (2004). Timberlake's only remaining claim against the Officers is her § 1983 claim for unlawful search and false arrest. Accordingly, Count Two is dismissed as to Timberlake's claims for a Fourteenth Amendment due process violation and the pendent state claims. We deny the motion to dismiss as to statutory indemnification against the City for unlawful search and false arrest.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss Timberlake's complaint against the Officers for unlawful search and false arrest and the City for statutory indemnification is denied. The Defendants' motion to dismiss is granted as to the § 1983 claims for a Fourteenth Amendment due process violation and the related state claims as well as the statutory indemnification against the City for those claims.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 1 2005